M. Emanuel *v.* C. T. Mann—Beers & Bogart, Intervenors.

Where plaintiff sues out an attachment, and a third party intervenes claiming the goods attached as vendor, having the right of stoppage *in transitu*, and bonds the property seized—*Held :* That if he fails in his intervention, although his bond may not be made in conformity to law, he and his surety are nevertheless bound to satisfy any judgment that may be obtained against the defendant. In such a case, the return of *nulla bona* upon an execution issued against the defendant, is sufficient to render the surety upon the bond of the intervenor liable.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *John M. Chilton*, for plaintiff. *Mott & Fraser*, for appellant.

Merrick, C. J. The appellant's counsel state the case as follows :

" In this case the plaintiff sued out an attachment, when *Beers & Bogart* intervened and claimed the goods as vendors, having the right of stoppage *in transitu*, and bonded the goods seized, on which they were put in possession of the goods. On the trial of the case, the claim of the intervenors was dismissed, and subsequently a rule was taken on the surety on the bond of the intervenors, *J. Wright*, to show cause in ten days, why he should not pay the amount of the judgment, &c. ; to which he replied, that the rule is premature, as there has never been an execution against his principal, and cites, as authority, *Godman* v. *Allen et al.*, 8 An. 381."

The defence to this action is purely technical. By intervening and bonding the property attached, the intervenors have relieved it from the lien of the attachment, and removed it from the jurisdiction of the court. Now, if they can defend themselves on the bond, they will defeat plaintiffs' claim altogether. In construing the obligation of *Beers & Bogart*, and *Wright*, their surety, we must look at the law and ascertain on what condition the property was to be delivered to them. It was on condition that they would satisfy such judgment to the amount of the value of the property attached, as might be rendered against the *defendant* in the pending suit. Acts 1852, p. 155, sec. 1. The condition of the bond, as written, is that the defendants or intervenors shall satisfy such judgment as shall be rendered against them, or either, in the suit pending to the extent of the valuation of the property released. The principal obligation was, therefore, to satisfy whatever judgment should be rendered against the *defendant*, and it was the duty of the intervenors so to word their obligation, as the condition, on which the property was to be delivered them. They cannot, therefore, be heard to construe their obligation so as to defeat the law. *Slocumb* v. *Robert*, 16 La. 174 ; 7 An. 570.

Having failed in their intervention, they and their surety are responsible upon the bond. The return of *nulla bona* on the execution against the defendant, *Mann*, is sufficient, and the intervenors could not defeat plaintiff's demand by paying the costs on the intervention or requiring an execution against themselves. The case cited in 8 An. 381, differs from the present in this, that no judgment had been rendered against the third opponent.

Judgment affirmed.